UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | INVOLUNTARY (DISMISSED) |
| EXPRESS CAR | : | |
| & TRUCK RENTAL, INC., | : | |
| | : | Bky. No. 09-15041 ELF |
| Former Debtor. | : | |
| | | |
| IN RE: | : | Chapter 7 |
| | : | INVOLUNTARY (DISMISSED) |
| REPETE ASSOCIATES, | : | |
| | : | |
| Former Debtor. | : | Bky. No. 09-15042 ELF |

# M E M O R A N D U M

**I.**

Express Car & Truck Rental, Inc. and Repete Associates were the putative debtors in the above involuntary bankruptcy cases, both of which were dismissed without the entry of an order for relief. See 11 U.S.C. §303(h), (j). By order dated November 9, 2010, I entered a judgment in favor of each debtor (hereafter "the Former Debtors") and against the sole petitioning creditor, Margaret Stuski ("Ms. Stuski") in the amount of $26,495.00 for attorney's fees incurred by the Former Debtors in defending against the involuntary petitions. See 11 U.S.C. §303(i); In re Express Car & Truck Rental, Inc., 440 B.R. 422 (Bankr. E.D. Pa. 2010).

The Former Debtors have filed another motion ("the 2nd Fee Motion"),[1] seeking

---

[1] When the parties filed motions in these related cases, they filed two (2) motions – one in
(continued...)

-1-

additional fees incurred in defending the fee award against Ms. Stuski's: (1) two (2) appeals of the November 9, 2010 Order to the district court and (2) Motion for Reconsideration Nunc Pro Tunc ("the Rule 60(b) Motion") filed in this court. The appeals were dismissed by the district court and the Rule 60(b) Motion was denied by this court. See In re Express Car & Truck Rental, Inc., 2011 WL 3667520 (Bankr. E.D. Pa. Aug. 22, 2011).

The 2nd Fee Motion requests an additional fee in the amount of $16,670.00.[2]

Ms. Stuski opposes the 2nd Fee Motion. However, her response is nothing more than a lengthy reiteration of her position that no fees should ever have been awarded in this matter. Thus, in ruling upon the pending fee request, I have independently evaluated the reasonableness of the request. Based on that review, I have determined the Former Debtors are entitled to an additional award of counsel fees in the amount of $9,488.40.

II.

A.

The Former Debtors' fee request breaks down into two parts as follows:

---

[1](...continued)
each of bankruptcy case. For ease of reference, in this Memorandum, I will refer to such filings in the singular.

[2] The Former Debtors initially requested attorney's fees in their response to Ms. Stuski's Motion for Reconsideration. I denied the request without prejudice because it was procedurally improper under Fed. R. Bankr. P. 9013. The Former Debtors then filed a formal motion on August 31, 2011 (Bky No. 09-15041, Doc. #101; Bky. No. 09-15042, Doc. #106). The Former Debtors filed a supplement and an amended supplement (see Bky No. 09-15041, Doc. #105; Bky. No. 09-15042, Doc. #109), in response to the court's request for further information regarding the identities of the timekeepers and their respective qualifications.

### District Court Appeal

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Alan L. Frank | 3.9 | 380.00 | 1,482.00 |
| Robin Deveney | 1.6 | 260.00 | 416.00 |
| Samantha A. Millrood | 3.6 | 310.00 | 1,116.00 |
|  |  |  | **$3,014.00** |

### Defense Against Rule 60(b) Motion

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Alan L. Frank | 6.2 | 380.00 | 2,356.00 |
| Samantha A. Millrood | 21.2 | 310.00 | 6,572.00 |
|  |  |  | **$8,928.00** |

The fee request of $16,670.00 also includes $4,728.00 for time spent on the 2nd Fee Motions as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Alan L. Frank | 0.8 | 380.00 | 304.00 |
| Patrick A. Clary | 15.8 | 280.00 | 4,424.00 |
|  |  |  | **$4,728.00** |

**B.**

Counsel fees of $3,014.00 for obtaining dismissal of two, obviously untimely, notices of appeal appears excessive on its face, especially when one considers that one of the appeals was dismissed sua sponte by the district court for failure to file an appellate brief without the Former

Debtors' counsel having filed a single document in opposition.  (See No. 11-cv-144, Doc. # 3).

In the other appeal (No. 11-cv-191), the Former Debtors' counsel filed a simple, eight (8) paragraph motion to dismiss, asserting that the appeal was untimely (and that Ms. Stuski also had not timely filed her appellate brief).  However, Ms. Stuski then contested dismissal of the appeal, asserting that her tardy appeal should be excused due to certain health problems that she and her mother experienced.  This required the Former Debtors' counsel to prepare a short memorandum of law (five (5) pages), asserting that not only was Ms. Stuski's appeal untimely filed under Fed. R. Bankr. P. 8002(a), but that any request for additional time to appeal was untimely under Fed. R. Bankr. P. 8002(c)(2).

After reviewing the time records submitted, I conclude that time expended on the simple issues raised by the appeal was excessive.  In my judgment, no more than four (4) hours of attorney time was required to resolve these appeals.  Therefore, I will allow the fee request of Mr. Frank (the most experienced attorney with the highest hourly rate) with respect to the appeal and deny the balance of the request.  This results in an allowance of $1,482.00 in connection with the district court appeals.

To a lesser degree, I perceive a similar problem with the time expended on the Rule 60(b) Motion.  Counsel's time records reflect that the Former Debtors's counsel expended 27.4 hours in responding to the motion.[3]  Included in this time is some collaboration between the two attorneys regarding the response and also communications with the client.  It is not possible to delineate the services with more specificity.

---

[3]    Ms. Millrood spent 7.5 hours researching and 13.7 hours drafting the response.  Mr. Frank, the senior attorney on the case, spent 6.2 hours researching, drafting, and revising the response.

While the Former Debtors' response to the Rule 60(b) Motion was well written and it likely took some time to sort through Ms. Stuski's grounds for reconsideration, I find the time to be somewhat excessive. I will reduce the fee request by 20%, or $1,785.60. This results in allowance of $7,142.40 related to the response to the Rule 60(b) Motion.

### C.

Finally, the Former Debtors request for $4,728.00 in fees for preparation of the 2nd Fee Motion. Mr. Frank spent 0.8 hours on this task and Mr. Clary spent 15.8 hours drafting and researching the 2nd Fee Motion. The total time expended was approximately 16.6 hours, resulting in a fee request of $4,728.00.

I find this request inexplicably excessive. No significant legal issues existed as to the Former Debtors' entitlement to counsel fees. See Express Car & Truck Rental, Inc., 2011 WL 3667520, at *5 ("I have already held that the Former Debtors are entitled to reasonable counsel fees incurred in litigating their entitlement to counsel fees under 11 U.S.C. § 303(i). . . . That principle also would seem to apply to the reasonable counsel fees incurred in defending the Motion."). Thus, counsel needed to do nothing more than compile the time records and submit the records with a motion containing a simple request for an award of supplemental fees. Consequently, I will allow Mr. Frank's modest fee request for overseeing the filing of the motion, but I will disallow all but 2.0 hours of Mr. Clary's time. Consequently, this component

of the fee request will be reduced by $3,864.00, from $4,728.00 to $864.00.[4]

### III.

For the reasons set forth above, the Former Debtors' 2nd Fee Motion will be granted in the amount of $9,488.40.[5]

Date: __October 20, 2011__       _____
                                  **ERIC L. FRANK**
                                  **U.S. BANKRUPTCY JUDGE**

---

[4]

| Timekeeper | Hours | Rate | Total |
| --- | --- | --- | --- |
| Alan L. Frank | 0.8 | 380.00 | 304.00 |
| Patrick A. Clary | 2.0 | 280.00 | 560.00 |
|  |  |  | **$864.00** |

[5]  District Court Appeal         $1,482.00
     Rule 60(b) Motion             $7,142.40
     Preparation of Fee Motion     $  864.00
                                   **$9,488.40**